IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THERESE MOLZBERGER                                                                    PLAINTIFF

V.                                                                  CIVIL ACTION NO.2:02CV317-JAD

HWCC-TUNICA, INC.
d/b/a HOLLYWOOD CASINO                                                              DEFENDANTS

MEMORANDUM OPINION
GRANTING MOTION FOR SUMMARY JUDGMENT

The court has considered the defendant's motion for summary judgment(Doc. 40), the plaintiff's response, the defendant's reply, together with the briefs and supporting exhibits.[1]

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

> Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir.1988) (citing Celotex Corp. v. Catrett, 477 U.S. at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v MacDonald.* 893 F 2d 787, 793(5th Cir. 1990).

All facts are considered in favor of the non-moving party, including all reasonable inferences therefrom. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the

---

[1] The plaintiff has filed a motion to strike the affidavit of Cindy Smart, a risk manager with the defendant, that was offered in support of the defendant's motion for summary judgment. The affidavit need not be considered in order to dispose of the summary judgment motion.

necessary facts." *Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (emphasis omitted). Rule 56(e) Fed.R.Civ.P. also requires that an adversary set forth facts that would be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact. This summary judgment motion asserts that the plaintiff cannot establish the defendant's negligence, an essential element of her case for which she bears the burden of proof.

According to her deposition, on May 16, 2002, Therese Molzberger, a casino patron, went to use the second floor ladies restroom. While in the handicapped stall, she slipped on a "puddle" of liquid on the marble restroom floor. In her attempt to get up, she fell a second time. She reports that she wiped up some of the liquid with toilet paper, placing the tissue behind the toilet. She then went to a casino prize drawing. After the drawing she visited the casino gift shop. There, casino employees, noting the large bump on her forehead learned of the accident and alerted security. A report of the accident was taken at that time. On December 27, 2002 she filed her complaint seeking recovery for injuries she says resulted from the fall.

In this diversity case, Mississippi substantive law controls the elements that the plaintiff must establish in order to prevail against the defendant. Under Mississippi law the owner of a business is not an insurer of persons on the premises, but is only liable if there is proof of negligence. The duty of the owner is to exercise reasonable care to keep premises reasonably safe for its invitees. The plaintiff must prove either 1) that an employee or agent of the defendant created the dangerous condition, or 2) that the dangerous condition, if created by a third party, existed for a sufficient time that the defendant either knew or should have known of the condition and remedied the condition. *Munford, Inc. v Fleming,* 597 So. 2d 1282 (Miss. 1992).

The record shows no dispute between the parties on what the proof is, or more accurately the what proof is absent. It is undisputed that the plaintiff was a business invitee at the time of the accident. There is no dispute that the plaintiff has no direct proof regarding who or what may have caused the "puddle" on the floor. She can offer no direct proof of how long the "puddle" may have been on the floor or that the defendant had any actual or constructive knowledge.

The defendant contends that on this state of facts it is entitled to summary judgment dismissing the complaint. The plaintiff responds, and it is admitted that records of inspections of the bathrooms on the date of the accident are no longer in existence. Molzberger contends that she is therefore entitled to have the jury consider the destruction of the records as spoliation. She contends that it may be inferred from the destruction that the documents would have been unfavorable to the defendants, and supported the plaintiff's claim of negligence. This circumstantial evidence she contends to sufficient to take the case to the jury.

Since there is no direct proof in this area, the plaintiff can only escape summary judgment if the court finds, first that the admitted failure to maintain the records is admissible and secondly that there is sufficient proof to support the adverse inference that the spoiled evidence would have been unfavorable to the defendants and supported the plaintiff's claim of negligence. The question of whether the defendant's failure to maintain records is admissible and whether the evidence would merit a "spoliation" instruction is a matter of federal law. While the case of *Caparotta v. Entergy Corp.*, 168 F.3d 754 (5th Cir. 1999) is authority for the position that a court may admit testimony of the destruction of evidence, even without a finding of bad faith by the party responsible for the destruction, it is clearly the law of this circuit that an adverse inference arises from the destruction of evidence *only* where the circumstances indicate bad conduct or bad faith, consistent with or

indicative of a consciousness of a weak case. In *Vick v. Texas Employment Com'n*, 514 F.2d 734(5th Cir. 1975) the appeals court found that there could be no adverse inference drawn, where the plaintiff's records were destroyed in accordance with routine procedure, and well prior to the time that discovery requests were served on the defendant. In *Williams v. Briggs Co.*, 62 F.3d 703(5th Cir. 1995) where there was no evidence that an apartment manager has done anything to a hot water heater, involved in a fatal scalding case, other than to continue to operate it, the plaintiff was not entitled to a spoliation instruction, though her tests conducted two years later were excluded on the basis that the test conditions were not substantially similar. In *King v. Illinois Cent. R.R.* 337 F.3d 550(5th Cir.2003) the court found that no adverse inference was to be drawn from defendant's destruction of potential evidence without evidence of bad conduct on the part of the defendant. Since maintenance records were destroyed as a matter of routine file maintenance before notice of the claim and a signal light not retained after a crossing upgrade, there was no bad conduct to justify an adverse inference.

Two cases in particular, by their contrast, illustrate the type of proof necessary to put the issue of spoliation of evidence before a jury. In *Caparotta v. Entergy Corp.*, 168 F.3d 754 (5th Cir.1999) though requested documents had been destroyed on the day prior to the scheduled production, where the trial court found no bad faith intentional destruction, there was no adverse inference to be drawn from the destruction of records. The records had been left in the office of general counsel and it was presumed inadvertently disposed of by underlings without authority. The court went further finding that admission of the fact of the inadvertent destruction through the testimony of in house counsel was prejudicial to the defendant and reversible error. By contrast in *Broomfield v. Texas General Indem. Co.*, 201 F.2d 746 (5th Cir 1953), where an insurance adjuster procured a material alteration

4

of an accident report by a company doctor, in an attempt to defeat a claim, a spoliation inference instruction was appropriate.

The record before the court shows that bathroom inspection records for the date of the accident are no longer in existence. There is nothing in the record to indicate how, when, or why these documents were destroyed. While it is true that the defendant was on notice of the plaintiff's injury, there is nothing in the record to indicate that the missing records were destroyed in bad faith, or even that any destruction was not accidental. Since the plaintiff has the burden of proof, and intended to meet her burden by relying on an adverse inference arising from spoliation of these records, it was incumbent upon the plaintiff to develop at least some proof of the defendant's intentional and bad faith destruction of the records. The proof of record will not legally support the inference urged upon the court by the plaintiff.

The court finds that there are no disputes of material fact and that the plaintiff's proof cannot support a finding of liability. The defendant is entitled to judgment as a matter of law. A judgment dismissing the complaint with prejudice, with costs assessed to the plaintiff shall be prepared and entered pursuant to this opinion.

This the 8th day of July, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE